UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID SINGLETON                                                              CIVIL ACTION

VERSUS                                                                              NO. 04-0798

VENETIA MICHAELS, WARDEN                                          SECTION "C"(4)

ORDER AND REASONS

Petitioner, David Singleton, has filed a Petition for Writ of Habeas Corpus ad Testificandum (Rec. Doc. No. 38) challenging the manner in which Warden Keith Cooley and other officials at the Allen Correctional Center are calculating the termination date for his sentence and the manner in which his sentence is being executed at that facility. In connection therewith, he requests an order for Warden Cooley to have him brought here for a hearing to discuss the merits of these claims.

Singleton's original habeas corpus proceeding was brought in this Court pursuant to 28 U.S.C. § 2254 to challenge the legality of the ninety-nine (99) year sentence he received as a multiple offender after his re-sentencing for a 1975 conviction for armed robbery in Orleans Parish. The matter was dismissed with prejudice as untimely filed by Judgment of this Court issued on November 17, 2004.[1] Singleton's appeal was rejected by the United States Fifth Circuit Court of Appeal when that Court denied issuance of a certificate of appealability on April 12, 2006.[2] Similarly, this Court and the Fifth Circuit have denied each of Singleton's post-judgment efforts to revive that final ruling, including his request to file a second or successive § 2254 petition.[3]

---

[1] Rec. Doc. No. 14.

[2] Rec. Doc. No. 21.

[3] See, e.g., Rec. Doc. Nos. 24, 26, 29, 30, 35-37.

Because there is nothing of substance pending before this Court, and considering the decade of time that has passed since dismissal of his original case by this Court, Singleton's request to be brought to a hearing to testify must be denied as moot.

Furthermore, under a broad reading, Singleton seeks to have the Court conduct a hearing on his current claim under the general habeas provisions of § 2241 as a challenge to the execution of his sentence. As a respondent under this new theory, Singleton has identified his custodian, Warden Cooley, as the person responsible for the implementation of his sentence at Allen Correctional Center.

Singleton is correct in that a petition that "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration" is properly considered under the general habeas authority of § 2241. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000); Frees v. Maye, 441 F. App'x 285, 286 (5th Cir. 2011); Stewart v. Cain, 71 F.3d 879, 1995 WL 727244, at *1 (5th Cir. 1995) (Table, Text in Westlaw); see also, Lee v. Wetzel, 244 F.3d 370, 373 n.3 (5th Cir. 2001); Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). If his intent is to pursue claims under § 2241, he has done so in the wrong forum and in the wrong format. Singleton will have to pursue his relief under § 2241 in a separately filed petition, not a post-judgment motion in the captioned case, and he must do so in the proper court after meeting the filing requirements for that type of case.

The Eastern District, however, is not the proper court for his challenge to the calculation, implementation or execution of his sentence. Under § 2241(d), federal courts have traditionally held that the most appropriate venue for challenges to the execution or implementation of the sentence is the district court for the district where the petitioner is in custody. Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991); see, Pack, 218 F.3d at 451 (a § 2241 petition challenging the

execution of a sentence "must be filed in the same district where the prisoner is incarcerated."); Frees, 441 F. App'x at 286 (same). Singleton is confined in the Allen Correctional Center in Kinder, Allen Parish, Louisiana, within the jurisdiction of the Western District of Louisiana. Any petition Singleton wishes to file under the authority of § 2241 should be presented to that district court. Accordingly,

**IT IS ORDERED** that Singleton's Petition for Writ of Habeas Corpus ad Testificandum is **DENIED** as moot, where there is no properly filed proceeding pending and no hearing to which he can be brought to testify. To the extent Singleton seeks to challenge the calculation, implementation or execution of his sentence, he should file a separate petition under § 2241 in the Western District of Louisiana, the district in which he is confined.

New Orleans, Louisiana, this 30th day of December, 2014.

                                         HELEN G. BERRIGAN
                                UNITED STATES DISTRICT JUDGE